**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**TIMOTHY BLACKSTOCK**                                                                  **PLAINTIFF**

**V.**                                                                         **CAUSE NO. 4:09-CV-26-SA-DAS**

**SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC., AND ELECTRIC
INSURANCE**                                                               **DEFENDANTS**

**MEMORANDUM OPINION**

Currently before the Court is Defendants' Motion to Dismiss [3]. For the reasons stated below, Defendants' Motion to Dismiss is granted, and this case is dismissed without prejudice.

*Factual and Procedural Background*

Plaintiff alleges that he was injured in an on-the-job accident on or about February 23, 2006. At the time of injury, Defendant Electric Insurance was the workers' compensation insurer of Plaintiff's employer, and Sedgwick Claims Management Services, Inc., was the claims administrator. Plaintiff claims that Defendants have denied the payment of benefits for his on-the-job injury, and he requests compensatory and punitive damages.

Plaintiff filed his Complaint in the Circuit Court of Washington County, Mississippi, on February 20, 2009. Defendants removed to this Court on March 9, 2009, and filed their Motion to Dismiss on March 17, 2009.

*Motion to Dismiss Standard*

If "matters outside the pleadings are presented to and not excluded by the court," a motion presented to the court as a motion to dismiss under Rule 12(b)(6) "shall be treated as one for summary judgment and disposed of as provided in Rule 56." FED. R. CIV. P. 12(d). However, if matters outside the pleadings are present in the record, the Court is not required to treat the motion

as one for summary judgment if it does not consider them. Davis v. Bayless, 70 F.3d 367, 372 n. 3 (5th Cir. 1995) (citing Ware v. Assoc. Milk Producers, Inc., 614 F.2d 413, 415 (5th Cir. 1980)). The Court declines to consider the materials outside the pleadings presented by Plaintiff. Therefore, it will employ the standard of review appropriate to a motion to dismiss under Rule 12(b)(6).

In considering a motion under Rule 12(b)(6), the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); accord Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 1948-51, 173 L. Ed. 2d 868 (May 18, 2009).

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 127 S. Ct. 1955 (quotation marks, citations, and footnote omitted). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (citing Twombly, 550 U.S. at 558, 127 S. Ct. 1955) (internal quotation marks omitted)).

*Discussion and Analysis*

The only cause of action asserted by the Plaintiff is the Defendants' alleged bad faith denial of insurance benefits, for which he asserts he is entitled to compensatory and punitive damages. Defendants argue that Plaintiff has not exhausted his administrative remedies by filing a claim for contractual benefits with the Mississippi Workers' Compensation Commission. Defendants also

argue that any claim for contractual benefits would be barred by the applicable statute of limitations.

A prerequisite to the award of extra-contractual damages is the determination that Plaintiff is owed contractual benefits. Dial v. Hartford Acc. & Ind. Co., 863 F.2d 15, 16 (5th Cir. 1989) (citing McCain v. Northwestern Nat'l Ins. Co., 484 So. 2d 1001, 1002 (Miss. 1986)); Bullock v. AIU, 995 So. 2d 717, 723 (Miss. 2008). "[I]t is not, however, for a federal or state court to determine whether [Plaintiff] is entitled to contractual damages and thus potentially entitled to punitive damages." Dial, 863 F.2d at 16. Claims for workers' compensation benefits are within the exclusive original jurisdiction of the Mississippi Workers' Compensation Commission. Id. (citing MISS. CODE ANN. § 71-3-47). Therefore, "a plaintiff asserting the tortious breach of a workers' compensation policy is procedurally required to exhaust available administrative remedies." Id. (citing Kitchens v. Liberty Mut. Ins. Co., 659 F. Supp. 467, 469-70 (S.D. Miss. 1987)); Bullock, 995 So. 2d at 723; Miss. Power & Light Co. v. Cook, 832 So. 2d 474, 480 (Miss. 2002); Walls v. Franklin Corp., 797 So. 2d 973, 976-77 (Miss. 2001).

The Plaintiff's Complaint does not contain any factual allegation that he exhausted his administrative remedies by filing a claim with the Mississippi Workers' Compensation Commission for contractual benefits. Therefore, Plaintiff has not plead sufficient facts to state a plausible cause of action for compensatory and punitive damages for the denial of such benefits.[1]

*Conclusion*

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss. This case is hereby **DISMISSED WITHOUT PREJUDICE**.

---

[1] The Plaintiff has not asserted any claim for contractual benefits, and, in any case, this Court would lack jurisdiction over such a claim. Dial, 863 F.2d at 16. Therefore, the Court expresses no opinion as to the Defendants' statute of limitations argument.

An order consistent with this opinion shall issue on this the 26th day of August, 2009.

                                              **/s/ Sharion Aycock**
                                              **U.S. DISTRICT JUDGE**